IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Andrea Ray and Hannah Inman individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Aging in Place LLC, and Sherri McMeans, Individually, <br><br> Defendants. | Case No. <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiffs worked for Defendants as Care Givers. Defendants misclassified Plaintiffs as independent-contractors and failed to pay them overtime compensation under the Fair Labor Standards Act (FLSA). As alleged herein, Defendants improperly classified Plaintiffs and other Care Givers and improperly withheld overtime compensation from Plaintiffs and all other Care Givers. Plaintiffs brings this case on behalf of themselves and all other similarly situated Care Givers employed by Defendants and seeks unpaid overtime compensation.

In support of their Complaint, Plaintiffs respectfully submits the following:

# PARTIES

1. Plaintiff Andrea Ray is a resident of Blue Springs, Missouri. Defendants employed Ray as a Care Giver from February 2017 through November 2019. Ray worked at Defendants' location in Lee's Summit, Missouri at all relevant times herein. Ray's Consent to Become a Party Plaintiff is attached as Exhibit A.

2. Plaintiff Hannah Inman is a resident of Liberty, Missouri. Defendants employed Inman as a Care Giver from November 2019 through February 2020. Inman worked at

1

Defendants' location in Lee's Summit, Missouri at all relevant times herein. Inman's Consent to Become a Party Plaintiff is attached as Exhibit B.

3. Defendant Aging in Place LLC (AIP or Defendant AIP) is a Home Care company with its principal place of business in Lee's Summit, Missouri. AIP is responsible for the maintenance, marketing, and business administration of more than fifty (50) Care Givers. Defendant AIP may be served via its registered agent, Sherri McMeans, 1270 SW Arbor Park Drive, Lee's Summit, Missouri 64082.

4. Defendant Sherri McMeans (SM or Defendant SM) is the sole owner of AIP and all decisions concerning classification of employees and determining what compensation is paid to employees is hers and hers alone. SM may be served at 1270 SW Arbor Park, Lee's Summit, Missouri 64082.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claim brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

6. This Court has supplemental jurisdiction for the claim asserted under the Missouri Wage Law ("MMWL") (codified at Mo. Rev. Stat. §§ 290.500 *et seq.*) in that the claim is asserted as part of the same case and controversy as the FLSA claim, the state and federal claims derive from a common nucleus of operative facts, the state claim will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants have an office, conduct business, and can be found in this judicial district, and the causes of action set forth herein have arisen and occurred in part in this judicial district. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business

contacts within the state of Missouri.

## FACTUAL ALLEGATIONS

8. Defendants are a provider of Home Care for disabled and physically challenged individuals by providing various service through its Care Givers.

9. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including the Plaintiffs and all similarly situated employees. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.00.

10. At all relevant times, Defendants have been, and continue to be, an "employer" as defined by the AIP. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiffs and all similarly situated employees as defined by the AIP.

11. The primary job of Care Giver is to assist with all activities of daily living, cognitive exercises, meal planning and preparation, transportation for any needs, grocery shopping, medical supply inventory, purchasing and stocking, physician appointment scheduling and consulting, pet care, errand running, house cleaning, companionship and assistance with bill paying and letter writing.

12. All Care Givers are similarly situated and are all subject to Defendants' policy and practice that designated and/or treated them as independent contractors and fail to compensate them for overtime hours worked in excess of forty (40) per week.

13. Because Defendants' Care Givers do not satisfy the criteria for exempt employees, Defendants should classify them as non-exempt employees, thereby making them eligible for overtime compensation when they work in excess of forty hours per week. In this

3

respect, Defendants' Care Givers are misclassified for compensation purposes.

14. Plaintiffs and others similarly situated regularly worked in excess of 40 hours per week, but they were not compensated at a rate of at least one and one half times her regular rate for hours worked in excess of 40 in a workweek.

15. Additionally, Plaintiffs and others similarly situated routinely worked in excess of forty hours per week. On average, upon information and belief, Plaintiffs worked between 50-60 hours per week. During periods in which they worked in excess of 40 hours per week, Plaintiffs and others similarly situated were not paid one and one half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

16. Because Defendants misclassified Plaintiffs and others similarly situated as independent contractors and they worked in excess of forty hours per week, Plaintiffs and others similarly situated are entitled to overtime compensation.

## COUNT I
### Violation of the Fair Labor Standards Act
**(Brought by Plaintiffs and the Proposed Collective Against Defendants)**

17. Plaintiffs incorporates by reference the foregoing paragraphs of this Complaint.

18. During the relevant period, Plaintiffs were employed by Defendants as Care Givers as defined in paragraph 11.

19. Defendants classify Plaintiffs as independent-contractors under the FLSA.

20. Plaintiffs and all other similarly situated persons were/are employees as defined by the FLSA.

21. Plaintiffs and all other similarly situated persons do not perform jobs that would place them under any of the FLSA's exemptions from overtime compensation.

22. All similarly situated Care Givers working for Defendants are similarly situated in that they all perform essentially the same respective job functions.

23. All similarly situated Care Givers are similarly situated in that they are all subject to Defendants' same compensation policy, plan, or procedure that requires them to perform work without paying them overtime. This denies the similarly situated Care Givers their overtime compensation.

24. Defendants' policy and practice of classifying similarly situated Care Givers as independent-contractors and denying them overtime compensation violates the FLSA.

25. Plaintiff brings this Amended Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> All persons who were, are or will be employed by Defendants as Care Givers from October 15, 2012 to the present, plus periods of tolling, who have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

26. This claim is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) of the FLSA for all claims asserted by Plaintiffs because their claims are similar to the claims of the similarly situated Care Givers.

27. The number and identity of other similarly situated Care Givers yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential class members may easily and quickly be notified of the pendency of this action.

28. Defendants failed to compensate Plaintiffs and the similarly situated Care Givers at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

29. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. Plaintiffs, on behalf of themselves and all similarly situated employees of

5

Defendants, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

31. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose the similarly situated Care Givers, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Violation of the Missouri Wage Law
**(Brought by Plaintiffs and the Proposed Class Against Defendants)**

32. Plaintiffs incorporates by reference the foregoing paragraphs of this Complaint.

33. Plaintiffs has been entitled to the rights, protections, and benefits provided under the MWL, codified at Mo. Rev. Stat. §§ 290.500 *et seq.*

34. Plaintiffs brings this claim as a class action under Fed. R. Civ. P. 23 on behalf of: All persons who were, are or will be employed by Defendants as Care Givers in Missouri, from October 15, 2012 to the present, plus periods of tolling, who have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

35. Defendants were the "employer" of Plaintiffs within the meaning of the MWL.

36. Plaintiffs were Defendants' "employee" within the meaning of the MWL.

37. As set forth herein, Defendants illegally classified and/or treated the Plaintiffs and the Class Members as independent contractors, and thus failed to pay the Named Plaintiffs and the Class Members the overtime required by Missouri law.

38. Pursuant to the MWL, Plaintiffs and the Class Members are entitled to be

compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.

39. Defendants, pursuant to its policy and practice, violated the MWL by refusing and failing to pay Plaintiffs and the Class Members overtime wages required under the MWL.

40. Plaintiffs and the Class Members are entitled to damages equal to double of all unpaid overtime wages due within two years preceding the filing of this Amended Complaint, plus periods of tolling.

41. Plaintiffs and the Class Members are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

42. Defendants are liable pursuant to Mo. Rev. Stat. § 290.527 for Plaintiffs' attorneys' fees and costs/expenses incurred in this action.

43. The MWL claim, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

44. Plaintiffs and the Class Members are all similarly situated in that they were all subject to Defendants' policy which classified and/or treated them as independent contractors and thus to not properly calculate and pay these employees overtime compensation for hours worked in excess of forty hours per work week which violates the MWL.

45. Class certification of this count for violations of the MWL is appropriate under Fed. R. Civ. P. 23(a) in that:

    a. The members of the Class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to the Named Plaintiffs at the present time but the number is anticipated to be in excess of twenty five individuals;

    b. There are questions of law and fact arising in this action which are

common to the Named Plaintiffs and the Class Members, including:

    (i) Whether Defendants' policies and practices described within this Amended Complaint were illegal;

    (ii) Whether Class Members are paid for all of the time they work;

    (iii) Whether Defendants classified and/or treated the Missouri Class Members as independent contractors;

    (iv) Whether Defendants maintains accurate records of the time the Class Members work;

    (v) Whether Defendants failed to pay appropriate overtime premiums to the Missouri Class Members in violation of MWL; and

    (viii) Whether Defendants' actions were willful.

46. The Named Plaintiffs are typical of the claims of the Class Members. The Named Plaintiffs were paid under the same policy and procedure as all members of the class. The Named Plaintiffs and all members of the class were victims of the same wrongful conduct engaged by Defendants in violation of MWL.

47. The Named Plaintiffs will fairly and adequately protect the interests of the members of the class.

48. The Named Plaintiffs have retained counsel who is competent and experienced in class action and complex litigation involving compensation claims.

49. The Named Plaintiffs have no interests which are adverse to or in conflict with other Class Members.

50. Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that: (a) there is minimal interest of members of this class in individually controlling their prosecution of claims

8

Case 4:21-cv-00715-WBG    Document 1    Filed 10/04/21    Page 8 of 16

under the MWL; (b) it is desirable to concentrate all the litigation of these claims in this forum; and (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

51. In the absences of a class action, Defendants would be unjustly enriched because it would be able to retain the benefits and fruits of the wrongful violation of the MWL.

52. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against large, well-represented corporate Defendants. Numerous repetitive individual actions would also place an enormous burden on the courts, as they would be forced to take duplicative evidence and repeatedly decide the same issues concerning Defendants' conduct.

53. In the alternative, the Class may be certified under Rule 23 (b)(1) and/or (b)(2) because:

    a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendants;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c. Defendants has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

61. Alternatively, this case may be maintained as a class action with respect to particular issues under Fed. R. Civ. P. 23(c)(4), including but not limited to, the issue of whether Defendants improperly classified Care Givers.

## **PRAYER FOR RELIEF**

WHEREFORE, concerning Plaintiffs' Count I for Defendants' alleged violation of the FLSA, Plaintiff prays for relief as follows:

1. Designation of this action as a collective action on behalf of Care Givers and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

2. Designation of Plaintiffs Ray and Inman as Representative Plaintiffs of the Care Givers;

3. Designation of Grissom Miller Law Firm, LLC as the attorneys representing the putative collective action Plaintiffs;

4. A declaration that Defendants are financially responsible for notifying Care Givers of their alleged wage and hour violations;

5. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

6. An award of damages for overtime compensation due for Plaintiffs and the Care Givers, including liquidated damages, to be paid by Defendants; and/or

7. Pre-judgment and post-judgment interest, as provided by law; and

8. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees

WHEREFORE, concerning Plaintiffs' Count II for Defendants' alleged violation of the MWL, Plaintiff prays for relief as follows:

1. Designation of this action as a class action under Fed. R. Civ. P. 23 on behalf of the Class Members and issuance of notice to all Class Members, apprising them of the pendency of this action;

2. Designation of Plaintiffs Ray and Inman as Representative Plaintiffs of the Class Members;

3. A declaration that Defendants are financially responsible for notifying all Class Members of their alleged wage and hour violations;

4. Designation of Grissom Miller Law Firm, LLC as the attorneys representing the Class;

5. A declaratory judgment that the practices complained of herein are unlawful under the MWL;

6. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

7. An award of damages for overtime compensation due for Plaintiffs, Collective Action and Class Members, including double, or penalty damages required under Missouri law, to be paid by Defendants;

8. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

11

9. Penalties for failing to timely pay wage and pre-judgment and post-judgment interest, as provided by Missouri law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all actions and claims with respect to which Plaintiffs have a right to jury trial.

Respectfully Submitted,

**Grissom Miller Law Firm LLC**

*/s/* Jacob D. Miller
Barry R. Grissom, MO Bar No. 69537
Jacob D. Miller, MO Bar No. 72292
Grissom Miller Law Firm, LLC
1600 Genessee Street, Suite 460
Kansas City, MO 64102
Tel: 816.336.1213
Fax: 816.384.1623
barry@grissommiller.com
jake@grissommiller.com
**Attorneys for the Plaintiffs**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Andrea Ray and Hannah Inman individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Aging in Place LLC, and Sherri McMeans, Individually, )<br><br>Defendants. ) | Case No.<br><br>**JURY TRIAL DEMANDED** |

## CONSENT TO JOIN LAWSUIT

I hereby consent to be a party plaintiff seeking unpaid minimum wages and overtime pay against Aging in Place LLC and Sherri McMeans. I further acknowledge that this consent is to be filed to recover unpaid wages I believe I am owed by Aging in Place LLC and/or related entities, whether in the case in which this consent is initially filed or in any subsequent action that may be filed on my behalf for such recovery. For purposes of pursuing my minimum wage and overtime claims against these defendants, I choose to be represented by Grissom Miller Law Firm LLC, and any other attorneys with whom they may associate.

Andrea Ray
Full Name (Print clearly)

Signature

6/23/21
Date

# EXHIBIT B

| | |
|---|---|
| Andrea Ray and Hannah Inman individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. ) |
| Aging in Place LLC, and Sherri McMeans, Individually, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) |

## CONSENT TO JOIN LAWSUIT

I hereby consent to be a party plaintiff seeking unpaid minimum wages and overtime pay against Aging in Place LLC and Sherri McMeans. I further acknowledge that this consent is to be filed to recover unpaid wages I believe I am owed by Aging in Place LLC and/or related entities, whether in the case in which this consent is initially filed or in any subsequent action that may be filed on my behalf for such recovery. For purposes of pursuing my minimum wage and overtime claims against these defendants, I choose to be represented by Grissom Miller Law Firm LLC, and any other attorneys with whom they may associate.

Hannah Inman                        [signature]   12/05/2020
Full Name (Print clearly)           Signature      Date